## ORMSBY a. DOUGLASS.

*New York Superior Court; Special Term, January, 1856.*

SLANDER.—JUSTIFICATION—INCONSISTENT PLEAS.

In an action for slander, if the defendant justifies, he must justify the very words complained of.

The defendant cannot deny the speaking of the words charged, and also justify by alleging the truth of them. These pleas are inconsistent.

It is not a sufficient justification to allege merely the truth of the words charged; but the defendant must aver the facts upon which he relies to show their truth.

Motion to strike out parts of an answer, as irrelevant and redundant.

This was an action for slander, brought by Valentine L. Ormsby against Benjamin Douglass. The slanderous words stated were, " He is a counterfeiter—he is a man of no credit,"—&c. &c.

The answer, in its first division, admitted that in a certain conversation, the defendant used " *certain expressions* relative to the character and standing of the plaintiff," without stating what they were, but *denied* that the defendant " ever spoke or declared of or concerning the plaintiff *the words* in that behalf alleged in the complaint, or any of them."

In the second division, the answer alleged, " that at the time of making use of the expressions above admitted to have been used by the defendant, in said conversation, he had reason to believe that the matters so stated by him were in every respect true."

In the third division, the defendant alleged on information and belief, " that the matters so stated by him as aforesaid were really true."

In the fourth division, he set up in substance, that he kept a mercantile agency, to procure information as to the mercantile credit of persons, &c., and to communicate the same to the patrons of the agency; and that in the course of that business

he acquired information respecting the character and credit of plaintiff, which was believed by him ; and that he communicated such information to one or more patrons, &c. That this communication is the discourse mentioned in the complaint ; and he claims that " each and every communication made by the defendant, and concerning the plaintiff, was and is privileged," and therefore plaintiff should not have his action.

The answer then concludes, by stating that the defendant will rely on the matters above set forth in mitigation of damages, if they shall not be held to amount to a justification.

The plaintiff moved to strike out the second, third and fourth divisions of the answer.

*Pike and Galpin*, for the motion.

*W. Fullerton*, opposed.

SLOSSON, J.—There is a fatal objection to the portions of the answer embraced in this motion.

It is an attempt to justify and plead a privilege, not in respect to the words charged to have been spoken, but in respect to " certain expressions" which are not given, but which are not the words complained of.

But were this otherwise, and were this a justification of the very words spoken, the motion must still prevail. The defendant having denied uttering the words charged, cannot justify by alleging the truth of them. The pleas are inconsistent.

Different defences may be pleaded, but not contradictory or inconsistent pleas. The defendant cannot deny and confess a fact in the same pleading, especially where the pleading is verified, and the fact both denied and confessed is a matter within his own personal knowledge. (Schneider *v.* Schultz, 4 *Sandf.* 664 ; Arnold *v.* Dimon, *Ib.* 680 ; Porter *v.* McCreedy, 1 *Code R., N. S.*, 88.) But were this otherwise, still the present answer would be defective.

It is no justification in pleading, to allege simply the truth of the words alleged to have been uttered, or the defendant's belief in their truth. Where a justification is intended, the defendant must allege the facts upon which he relies to show that the plaintiff was guilty of the crime imputed to him,

or the truth of the charge complained of. (Fry *v.* Bennett, 5 *Sandf.*, 54; Sayles *v.* Unden, 6 *How. Pr. R.*, 84.)

The motion must be allowed, with $10 costs, but with leave to the defendant within 10 days to amend.